United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-20940

Summary Calendar

In The Matter of RAJITHA K NAIR

Debtor,

TRIAD FINANCIAL CORP.,

Appellant

versus

DAVID G. PEAKE,

Appellee

Appeal from the United States District Court
For the Southern District of Texas

Before KING, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Triad Financial appeals from the district court's order affirming, in part, a Bankruptcy court sanction of appellant's counsel, prohibiting him from filing section-362 orders that include attorneys' fees on undersecured claims. We affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rajitha Nair's Chapter 13 plan was confirmed in May of 2003. When Nair subsequently failed to meet payments on a 2001 Mazda Tribute, Triad Financial, the undersecured lienholder, filed a motion for relief from the automatic stay in order to repossess the Mazda. Prior to the resolution of that motion, Triad and Nair filed a proposed agreed order, modifying the automatic stay and requiring Nair to: (1) maintain insurance on the car; (2) pay the arrears due on the note; and (3) pay Triad's attorneys' fees.

The bankruptcy court signed the order, but only after striking the attorneys' fees provision. The court then ordered Triad's counsel to show cause why the offending provision was not sanctionable.

At the hearing, appellants counsel argued, as they argue here on appeal, that the Bankruptcy Code is silent on the question of whether an unsecured creditor may assert a priority claim for attorneys' fees. We disagree. Section 506(b) allows an *oversecured* creditor to obtain full payment of its attorneys' fees, but only to the extent that it is oversecured.[1] By negative implication, undersecured creditors are not entitled to full payment of attorneys' fees. Indeed, while interpreting the identical provision in the context of interests payments, the Supreme Court reached this same conclusion, holding that section

_____

[1] 11 U.S.C. § 506(b).

506(b) has "the substantive effect of denying undersecured creditors postpetition interest on their claims."[2]

The cases cited by the appellant do not hold otherwise. Those cases, beginning with *In re United Merchants*, allow an unsecured creditor only an *unsecured* claim for post-petition attorneys' fees.[3] Here, however, the undersecured creditor seeks a *secured* claim for attorneys fees. As the bankruptcy court correctly noted below, no published opinion has ever granted such a claim.

Reaching this conclusion at the show-cause hearing, the bankruptcy court sanctioned counsel under Bankruptcy Rule 9011.[4] Rule 9011(b) requires counsel to conduct a reasonable inquiry into the contents of every petition, pleading, written motion or other paper submitted to the court, and Rule 9011(c) authorizes sanctions upon counsel who fail to discharge this duty. Under Rule 9011(c)(2), "[a] sanction . . . shall be limited to what is sufficient to deter repetition of such conduct . . . ." We review the Bankruptcy Court's decision to impose sanctions for abuse of discretion.[5]

---

[2]*United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associated*, 108 S.Ct. 626 (1988).

[3]*In re United Merchants and Mfrs., Inc.*, 674 F.2d 134, 137 (2d Cir. 1982).

[4]FED.R.BANKR.P. 9011(b).

[5]*In re First City Bancorporation of Texas*, 282 F.3d 864, 867 (5th Cir. 2002).

On this record, the bankruptcy court did not abuse its discretion. The bankruptcy court found that "Triad's request for attorneys' fees was not justified by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Worse yet, the court found that Traid's request for attorneys' fees "was made in the anticipation that it would not be scrutinized by the Court because it was filed as an agreed order." Finally, rather than impose monetary sanctions, the district court merely required appellant's counsel, who appears frequently before the court, to discontinue such requests for attorneys' fees. Because we are shown no error in the bankruptcy court's disposition of this case, we AFFIRM the judgment of the district court.